UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN MAZZA, | No. 2:14-cv-0874 AC P |
| Plaintiff, | |
| v. | ORDER |
| L. AUSTIN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner incarcerated at California State Prison Solano (CSP-SOL), proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the undersigned Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). See ECF No. 11.

On October 14, 2014, in response to this court's order filed October 1, 2014, plaintiff filed a First Amended Complaint (FAC). See ECF No. 27. Review of the FAC demonstrates that it improperly seeks to incorporate allegations made in plaintiff's original complaint. See id. at 4 ("Plaintiff realleges and incorporates by reference paragraphs 1-23."). Plaintiff is informed that all of his factual allegations and legal claims must be set forth in the operative complaint. This court cannot refer to a prior pleading in an effort to construe the operative pleading. Local Rule 220 requires that an amended complaint be complete in itself without reference to a prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (amended complaint supersedes the

1  original complaint).  Therefore, in the instant case, each factual allegation, each legal claim and
2  the alleged involvement of each defendant must be specifically and sufficiently pled in a Third
3  Amended Complaint.  Alternatively, for the reasons stated below, plaintiff will again be accorded
4  the opportunity to proceed on his original complaint.

5  This court previously determined that plaintiff's original complaint states cognizable
6  Eighth Amendment claims against defendants L. Austin, Dr. M. Kuersten, Dr. J. McCue, and Dr.
7  R. Tan, for deliberate indifference to plaintiff's serious medical needs, but that the complaint does
8  not state cognizable claims against defendants G. Swarthout, J. Kelso, J. Beard, A. Pfile and Dr. J.
9  Lipson.  See ECF No. 26 (Court's October 1, 2014 Order).  Plaintiff was accorded the
10 opportunity to proceed on his original complaint against the identified defendants or file a FAC.

11 In his FAC, plaintiff proposes, without explanation, that Dr. McCue also be dismissed
12 from this action.  See FAC, ECF No. 27 at 2, 3.  According to the original complaint, Dr. McCue
13 was the Chief Medical Officer ultimately responsible for decisions made by medical staff at CSP-
14 SOL and, inter alia, was directly involved in deferring plaintiff's referral to a neurologist.  ECF
15 No. 3 at 3, ¶ 4, 19.  Hence, as set forth in the original complaint, the allegations against Dr.
16 McCue state a potentially cognizable Eighth Amendment claim.

17 Also in his FAC, plaintiff defers to the dismissal of defendants Swarthout, Kelso, Beard,
18 and Pfile, but not to the dismissal of Dr. J. Lipson.  The FAC alleges that Dr. Lipson was
19 plaintiff's Primary Care Physician (PCP) from April 2011 to March 2012, and was then
20 "responsible for the input of medical documentation entered into the plaintiff's UHR, Unit Health
21 Record," and "attended Pain Management Committees on the plaintiff's behalf."  FAC, ECF No.
22 27 at 3.  Plaintiff emphasizes that his original complaint included allegations against Dr. Lipson
23 but inadvertently omitted his name from the formal listing of the defendants.  See id. at 2.
24 Review of the original complaint supports plaintiff's observations.  See Complaint, ECF No. 3 at
25 4-6, ¶¶ 14, 17 (alleging, inter alia, that Dr. Lipson, as plaintiff's PCP, heard plaintiff's complaints
26 of pain, ordered diagnostic tests, and made allegedly false statements to other medical providers
27 that he believed plaintiff was using illicit drugs, resulting in the denial of prescribed pain
28 medications).  The court's reconsideration of these and other allegations set forth in plaintiff's

original complaint demonstrates that the original complaint states a cognizable Eighth Amendment claim against Dr. Lipson.

For these several reasons, and due to the inadequacy of plaintiff's SAC, plaintiff will again be accorded the opportunity to proceed on his original complaint – against defendants Lipson, Austin, Kuersten, Tan and McCue – and to submit the documents necessary to serve process on these defendants, or to file a Third Amended Complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Second Amended Complaint (SAC) is dismissed without prejudice; plaintiff may proceed on his original complaint or a proposed Third Amended Complaint (TAC).

2. Plaintiff's claims against defendants Swarthout, Kelso, Beard, and Pfile – but not against defendant Lipson – remain dismissed with leave to amend.

3. Plaintiff's original complaint, ECF No. 3, states cognizable Eighth Amendment claims for deliberate indifference to plaintiff's serious medical needs against defendants Lipson, Austin, Kuersten, McCue, and Tan.  See 28 U.S.C. § 1915A

4. Within thirty (30) days after the filing date of this order, plaintiff shall return the attached Notice of Election indicating whether he intends to proceed on:  (1) his original complaint, ECF No. 3; or (2) a proposed Third Amended Complaint (TAC).

5. If plaintiff elects to proceed on his original complaint, he shall submit, in tandem with the Notice of Election, the following documents:  one completed summons, five completed USM-285 forms for each defendant identified in Paragraph 3, and six copies of the endorsed original complaint filed March 21, 2014, ECF No. 3.  The court will transmit these materials to the United States Marshal for service of process pursuant to Rule 4, Federal Rules of Civil Procedure.  Defendants Lipson, Austin, Kuersten, McCue, and Tan will be required to respond to plaintiff's allegations within the deadlines set forth in Rule 12(a)(1), Federal Rules of Civil Procedure.  If plaintiff elects this option, the court will construe plaintiff's election as consent to an order dismissing defendants Swarthout, Kelso, Beard and Pfile from this action without prejudice.

6. If plaintiff elects to file a TAC, he shall submit the proposed TAC together with the Notice of Election.

7. The Clerk of Court is directed to send plaintiff, together with a copy of this order, the following: (1) one blank summons, (2) five USM-285 forms, (3) a copy of the endorsed original complaint filed March 21, 2014, ECF No. 3, and (4) instructions for service of process on defendants Lipson, Austin, Kuersten, McCue and Tan.

8. Failure to timely comply with this order will result in the dismissal of this action without prejudice.

DATED: May 4, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN MAZZA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>L. AUSTIN, et al.,<br><br>　　　　　Defendants. | No.  2:14-cv-0874 AC P<br><br><br>NOTICE OF ELECTION |

　　　　Plaintiff hereby elects to proceed in this action as follows:

　　　　_____   Pursuant to a Third Amended Complaint (TAC), submitted herewith.

**OR**

　　　　_____   Pursuant to the original complaint, ECF No. 3, together with the following service documents submitted herewith:

　　　　　　_____   One completed summons form
　　　　　　_____   Five completed forms USM-285 (one for each defendant)
　　　　　　_____   Six copies of the endorsed original complaint filed March 21, 2014, ECF No. 3.

　　　　*AND*

　　　　　　_____   Plaintiff consents to the dismissal of defendants Swarthout, Kelso, Beard and Pfile without prejudice.

_____   _____
Date                                                                                 Plaintiff

1