UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN MAZZA, | No. 2:14-cv-0874 GEB AC P |
| Plaintiff, | |
| v. | ORDER |
| L. AUSTIN, et al., | |
| Defendants. | |

   Plaintiff is a state prisoner who proceeds pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action is stayed until July 15, 2016, or further order of this court, pending resolution of a separate criminal action against plaintiff.  Currently pending is plaintiff's third request for appointment of counsel.  See ECF No. 68.  For the reasons stated herein, plaintiff's request is denied without prejudice.

   Plaintiff's prior requests for appointment were denied without prejudice by orders filed April 16, 2015, ECF No. 13, and October 1, 2014, ECF No. 26.  Both requests were denied due to plaintiff's failure to meet his burden of demonstrating the requisite exceptional circumstances.  The instant request seeks appointment based on plaintiff's "limited access to the law library and limited knowledge of the law;" because the "issues involved in this case are complex, and will require significant research and investigation;" and because appointed counsel would be better qualified to conduct a trial in this action.  See ECF No. 1 at 1.  Plaintiff avers that "this case will

1

1  largely be drawn from the plaintiff's Unit Health Record [UHR]" and therefore "a liason, a
2  member of the Bar, would be helpful for both sides." Id. at 4.  Plaintiff emphasizes that he is
3  unable to afford counsel and has made repeated unsuccessful attempts to obtain legal assistance.
4       As the undersigned has previously informed plaintiff, this court has no authority to require
5  an attorney to represent an indigent prisoner in a civil rights action.  Mallard v. United States
6  Dist. Court, 490 U.S. 296, 298 (1989).  Only in certain exceptional circumstances may a district
7  court request the voluntary assistance of a willing attorney.  See 28 U.S.C. § 1915(e)(1); Terrell v.
8  Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36
9  (9th Cir. 1990).  The test for exceptional circumstances requires the court to evaluate the
10 plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his
11 claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon,
12 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).
13 Circumstances common to most prisoners, such as lack of legal education and limited law library
14 access, do not establish exceptional circumstances that would warrant a request for voluntary
15 assistance of counsel.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).
16      The court is required to consider plaintiff's request with deference to the fact that only a
17 limited number of volunteer attorneys are available for appointment.  Although this action
18 proceeds against five defendants, primarily medical providers, on a claim of deliberate
19 indifference to plaintiff's serious medical needs, the pertinent allegations are relatively limited,
20 viz., to plaintiff's claim that defendants improperly discontinued his narcotic medication.
21 Although plaintiff has a reasonable opportunity to prevail on the merits of his claims, he has also
22 demonstrated the ability to adequately articulate and proceed on his claims on his own.  As
23 plaintiff notes, the merits of his claims will rest initially on his UHR, which will be carefully
24 considered by the court should defendants file a dispositive motion.  Until that time, the parties
25 will engage in discovery pursuant to a new discovery order that this court will issue after the stay
26 is lifted.  Plaintiff may begin to consider the information he should seek from each defendant
27 when discovery re-commences, by identifying any additional evidence that would support his
28 ////

claims, and by formulating his discovery requests accordingly.[1]  Because these matters appear well within plaintiff's capacity, and the reasons he proffers in support of his request for appointment are circumstances common to most prisoners, the instant request will be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel, ECF No. 68, is denied without prejudice.

DATED: June 21, 2016

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's discovery requests may include the following:  (1) requests for admission (yes-or-no statements of fact) directed to each defendant, see Fed. R. Civ. P. 36; (2) up to twenty-five interrogatories (questions) directed to each defendant, see Fed. R. Civ. P. 33; and (3) requests for copies of documents, electronically stored information, or other tangible evidence directed to each defendant, see Fed. R. Civ. P. 34.