UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN MAZZA,<br><br>        Plaintiff,<br><br>    v.<br><br>L. AUSTIN, et al.,<br><br>        Defendants. | No. 2:14-cv-0874 GEB AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis with this civil rights action, requests the court's assistance in obtaining a video deposition of one of his witnesses, a physician now working at the "V.A." in Oklahoma (Dr. Samuel McAlpine), whose contact information is not yet known to plaintiff. See ECF No. 85. Plaintiff also seeks appointment of another prisoner to be his legal assistant. Id.

Plaintiff is initially informed that the court has no authority to appoint an inmate legal assistant. Plaintiff must make his own arrangements.

Plaintiff is further informed that he may request Dr. McAlpine's contact information from the California Deputy Attorney General representing defendant Austin, Ms. Annakarina De La Torre-Fennell; she may or may not be able to obtain the information and should inform plaintiff accordingly. Should plaintiff locate Dr. McAlpine, he must make his own independent arrangements to obtain Dr. McAlpine's deposition and to pay for all related expenses. The only

1

assistance the court can provide on the basis of plaintiff's in forma pauperis status would be personal service of the deposition subpoena on Dr. McAlpine. See 28 U.S.C. § 1915(d).

If plaintiff locates Dr. McAlpine, and can make arrangements to obtain his deposition, plaintiff should file a supported motion requesting issuance of a deposition subpoena. See Fed. R. Civ. P. 30, 45. If approved, the Clerk of Court will send plaintiff a blank subpoena form for his completion and submission to the court, to obtain personal service of the subpoena by the United States Marshal. Service of subpoenas must be made by personal service or the subpoena is null and void. Fed. R. Civ. P. 45(c); Gillam v. A. Shyman, Inc., 22 F.R.D. 475 (D. Alaska 1958). The person to whom the subpoena is directed must be clearly and readily identifiable, with an accurate physical address to enable personal service of the subpoena. See Fed. R. Civ. P. 45(a)(1)(A)(iii).

This court must consider the following matters before approving service of a proposed subpoena. A subpoena must comply with the relevance standards set forth in Federal Rule of Civil Procedure 26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"), and considerations of burden and expense set forth in Federal Rules of Civil Procedure 26(b)(2)(C) and 45(d). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena[.]" Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (requiring indigent plaintiff to demonstrate that he had "made provision for the costs of such discovery"), citing Cantaline v. Raymark Industries, Inc., 103 F.R.D. 447, 450 (S.D. Fla. 1984); see also United States v. Columbia Broadcasting System, Inc., 666 F.2d 364 (9th Cir. 1982) (court may award costs of compliance with subpoena to non-party). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. Badman, 139 F.R.D. at 605.

////
////
////
////

Alternatively, plaintiff may request that Dr. McAlpine (and any other third party) provide a sworn affidavit or declaration setting forth his personal knowledge of the relevant facts concerning this case. Prior to trial in this action, a declaration made under penalty of perjury will suffice to establish relevant material facts. <u>See</u> Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").

Accordingly, IT IS HEREBY ORDERED that plaintiff's request, ECF No. 85, is denied without prejudice.

DATED: May 17, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE