UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN MAZZA, | No. 2:14-cv-0874 GEB AC P |
| Plaintiff, | |
| v. | ORDER and |
| L. AUSTIN, et al., | ORDER TO SHOW CAUSE |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff is pursuing claims against five defendants for alleged deliberate indifference to his serious medical needs. The operative complaint and addendum (exhibits), construed together by the court in deference to plaintiff's pro se status, are identified on the docket at ECF No. 38. This action was stayed for several months while plaintiff was temporarily housed at a county jail facility. Upon plaintiff's return to state prison, the court, on March 29, 2017, issued a Further Discovery and Scheduling Order, setting a discovery deadline of August 18, 2017, and a dispositive motion deadline of November 17, 2017. See ECF No. 83. Plaintiff has now filed several documents requesting the assistance of the court. For the reasons that follow, plaintiff's requests are denied with the exception of his request that defendants be required to show cause why plaintiff is not obtaining the pain medication allegedly prescribed by his treating neurologist.

1

## MEDICAL EXPERT

Plaintiff requests that he be provided a thorough medical examination, including review of his medical records, by an outside medical expert. See ECF No. 88. Because there is no authority or resources for appointing an expert medical witness to serve as plaintiff's advocate in this action, this motion will be denied. The in forma pauperis statute, 28 U.S.C. § 1915, "does not waive payment of fees or expenses for witnesses." Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993). More specifically, "[t]he plain language of [S]ection 1915 does not provide for the appointment of expert witnesses to aid an indigent litigant." Pedraza v. Jones, 71 F.3d 194, 196 (5th Cir. 1995); accord, Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir. 1987), cert. denied, 485 U.S. 991 (1988) (district court has no authority under Section 1915 to pay or waive expert witness fees in civil damage suits). However, should the court later determine that a neutral medical expert is necessary in this action, it may appoint such expert and assess the costs as the court deems appropriate. See Fed. R. Evid. 706(a); Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999). Accordingly, plaintiff's motion for a medical expert is denied without prejudice.

## WITNESSES

Plaintiff has identified four potential witnesses in this action and requests that the court allow him to present these witnesses during the course of this litigation and at trial, by video-conference if necessary. See ECF No. 89. The identified witnesses are two physicians, Dr. McAlpine and Dr. Mitchell, and two prisoners, Mr. Kaufman and Mr. Christianson. For the reasons previously stated by this court when plaintiff sought assistance in locating and obtaining the testimony of Dr. McAlpine, plaintiff's motion is denied without prejudice. See ECF No. 87 (copy attached).

Plaintiff is again informed that he is responsible for the costs associated with his discovery requests and subpoenas, including deposition subpoenas, and therefore is again encouraged to obtain written declarations from his medical witnesses; these declarations could be used before trial in responding to any dispositive motion that may be filed earlier in this case. (Plaintiff has already provided the declarations of Mr. Kaufman and Mr. Christianson, see ECF No. 89 at 5-6,

although each declaration would benefit from greater detail.)  Should this case proceed to trial, plaintiff will have an opportunity to obtain the trial attendance of his witnesses; however, he will be required to compensate these physicians for their time and expenses.

LEAVE TO AMEND

Plaintiff moves for leave to further amend his complaint.  See ECF No. 90.  The Clerk of Court provisionally filed plaintiff's proposed amended complaint.  ECF No. 91.  Plaintiff seeks amendment to add the following proposed state law claims, see ECF No. 90 at 4:  California Government Code § 84406 [sic] (Cal. Govt. Code § 884.06(d) (authorizing negligence liability of public employees for injuries to prisoners due to medical malpractice); id., § 845.6 (same, entitled "medical care for prisoners"); Cal. Health & Safety Code § 124960(b) ("Inadequate treatment of acute and chronic pain originating from cancer or noncancerous conditions is a significant health problem."); and id., § 124960(d) ("A patient suffering from severe chronic intractable pain should have access to proper treatment of his or her pain."); Cal. Code Regs. tit. 15, § 3350 (CDCR regulations re. provision of medical care to prisoners); and Cal. Const., Art. I (declaration of rights).  Defendants have filed statements of opposition to plaintiff's motion to proceed on his proposed further amended complaint.  ECF Nos. 93, 94.

Rule 15, Federal Rules of Civil Procedure, allows amendment of a pleading upon leave of court "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  This standard accords considerable discretion to the district courts.  "[A] federal court has jurisdiction over an entire action, including state-law claims, whenever the federal-law claims and state-law claims in the case 'derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'"  Carnegie-Mellon University v. Cohill, 484 U.S. 343, 349 (1988) (quoting Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)).  "Under Gibbs, a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims."  Cohill, 484 U.S. at 350.  On a motion for leave to amend a federal action to add state law claims, the court must carefully consider whether the proposed state law claims meet the pleading requirements of

3

Rule 8, Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 8(a).

There are several problems with plaintiff's proposed amended complaint.  First, the list of proposed state law claims does not include allegations describing how each named defendant allegedly violated those provisions.  While plaintiff's assessment could perhaps be inferred by examining the challenged conduct of each defendant, that is not the role of this court or of defendants.  Because plaintiff has failed to allege with specificity how each defendant violated one or more of the cited state provisions, his separately filed legal citations fail to meet minimum pleading requirements.  See Fed. R. Civ. P. 8(a).

Second, plaintiff has not demonstrated compliance with the California Tort Claims Act, which is required before bringing a state negligence claim.  Under California law, the timely presentation of a claim under the California Tort Claims Act is a condition precedent for suit and therefore an element of the cause of action that must be pled in the complaint.  See Shirk v. Vista Unified Sch. District, 42 Cal. 4th 201, 209 (Cal. 2007) (citations omitted).  The proposed amended complaint does not so plead.

Third, review of the 13-page proposed amended complaint demonstrates that it not only fails to include the proposed state law claims but also fails to include page 8 of the otherwise nearly identical operative complaint.  The proposed amended complaint also improperly includes previously dismissed defendants.  Although the proposed amended complaint correctly identifies the Eastern District Court of California (rather than the Northern District, where this case was originally filed), this correction is not necessary for this case to continue proceeding in this court.  An attached two-page "memorandum" seeks to add general state law negligence claims and to obtain injunctive relief ("to reinstitute previous prescription" and "get help with his ongoing pain and suffering").  ECF No. 91 at 10-1.  However, these additions do not remedy the deficiencies in plaintiff's proposed amended complaint.

For all these reasons, plaintiff's motion for leave to file his proposed further amended complaint is denied.

////

////

## MOTION FOR INJUNCTIVE RELIEF

Finally, plaintiff has filed a proposed "Order to Show Cause For A Preliminary Injunction," directing defendants to show cause why plaintiff is not receiving the pain medication (morphine) prescribed plaintiff by his treating neurologist, Dr. Mitchell. See ECF No. 92. Plaintiff, who is incarcerated at California State Prison Solano, also seeks a restraining order preventing CDCR officials from transferring him to another prison. Id. at 4.

There is no legal authority supporting plaintiff's effort to prevent his transfer to another prison. Prisoners have no due process right to placement in a particular correctional facility, or to prevent their transfer to other facilities. Meachum v. Fano, 427 U.S. 215, 224-5 (1976).[1] For this reason, this court is without authority to restrain CDCR officials from transferring plaintiff to another prison.

Plaintiff's claim that he is being denied prescribed pain medication, in this lawsuit about deliberate indifference to plaintiff's pain, requires further inquiry. Plaintiff avers that defendants and/or other CDCR medical staff are refusing to implement the medication treatment plan (morphine) prescribed by his treating physician, outside state-contracted neurologist Dr. Mitchell.

---

[1] As explained by the Supreme Court, Meachum, 427 U.S. at 224-5:
> [G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution. The Constitution does not . . . guarantee that the convicted prisoner will be placed in any particular prison. . . . The initial decision to assign the convict to a particular institution is not subject to audit under the Due Process Clause, although the degree of confinement in one prison may be quite different from that in another. The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons.
> Neither . . . does the Due Process Clause in and of itself protect a duly convicted prisoner against transfer from one institution to another within the state prison system. Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose. That life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to the institution with the more severe rules.

1 | Defendants will be directed to the respond to this allegation and, if medication prescribed by Dr.
2 | Mitchell is not being provided, explain why.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an expert medical examination, ECF No. 88, is DENIED without prejudice.

2. Plaintiff's motion for assistance in obtaining the testimony of four identified witnesses, ECF No. 89, is DENIED without prejudice.

3. Plaintiff's motion for leave to file a further amended complaint, ECF No. 90, is DENIED.

4. Plaintiff's motion for injunctive relief, ECF No. 92, is GRANTED IN PART and DENIED IN PART as follows:

    a. Plaintiff's request for an order of this court directing prison officials to refrain from transferring him to another institution is DENIED.

    b. Plaintiff's request for an order of this court directing defendants to show cause why plaintiff is not obtaining the pain medication (morphine) allegedly prescribed by his treating physician, Dr. Mitchell, is GRANTED as follows:

    c. Defendants are directed to file and serve, within 21 days after the filing date of this order, a response to plaintiff's motion for injunctive relief. Defendants shall respond to plaintiff's allegation that he is not receiving pain medication (morphine) prescribed by his treating neurologist, Dr. Mitchell. If such medication has been prescribed and is not being provided, defendants shall explain why not.

5. Plaintiff may, within 7 days after service of defendants' statement, file and serve a response.

////
////
////
////

6. The Clerk of Court is directed to: (a) strike the amended complaint at ECF No. 91; and (b) send to plaintiff, together with a copy of this order, a copy of the court's order filed May 18, 2017 (ECF No. 87).

DATED: June 12, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE