UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN MAZZA,<br><br>        Plaintiff,<br><br>  v.<br><br>L. AUSTIN, et al.,<br><br>        Defendants. | No. 2:14-cv-0874 GEB AC P<br><br>ORDER RE. DISCOVERY AND<br><br>ORDER DISCHARGING OSC |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action alleging deliberate indifference to his serious medical needs and pain. See ECF No. 38 (operative complaint and exhibits). This action proceeds against five defendants: defendants Austin, Kuersten, Lipson and McCue are represented by the Office of the California Attorney General, and defendant Tan is represented by private counsel. Currently pending are the parties' cross-motions to compel discovery and the defendants' responses to the court's order to show cause issued June 13, 2017.

## DISCOVERY

This action was stayed for several months during plaintiff's incarceration at a county jail facility. On March 29, 2017, upon plaintiff's return to state prison, the court issued a Further Discovery and Scheduling Order with a discovery deadline of August 18, 2017 and a dispositive

////

1

motion deadline of November 17, 2017. See ECF No. 83. That order provided in pertinent part that discovery responses are due 45 days after service of a discovery request.

On July 11, 2017, plaintiff filed a motion to compel discovery, contending that no defendant responded to his discovery requests. See ECF No. 98. However, the oppositions filed by defendants demonstrate that plaintiff's motion was prematurely filed, prior to expiration of the 45-day periods for defendants to serve their responses. See ECF Nos. 99, 102. Therefore, plaintiff's discovery motion will be denied without prejudice.

On July 24 and 25, 2017, defendants, through their respective counsel, filed motions to compel discovery. See ECF No. 104, 105. Both motions aver that plaintiff failed to timely provide any responses to defendants' discovery requests, which include production requests, requests for admission and interrogatories. Id. In light of plaintiff's pro se status and the number and scope of defendants' discovery requests, the court will, *sua sponte*, extend the deadline for plaintiff's responses to defendants' requests. Therefore, defendants' instant motions will be denied without prejudice. **Plaintiff is informed that he should *not* file oppositions to defendants' discovery motions but should, instead, provide complete responses to defendants' discovery requests on or before August 18, 2017.**

ORDER TO SHOW CAUSE

On June 13, 2017, the undersigned directed defendants "to show cause why plaintiff is not obtaining the pain medication allegedly prescribed by his treating neurologist." ECF No. 95 at 1. While recognizing that "this lawsuit [is] about deliberate indifference to plaintiff's pain," the court directed defendants to respond to plaintiff's allegation that "defendants and/or other CDCR medical staff are refusing to implement the medication treatment plan (morphine) prescribed by his treating physician, outside state-contracted neurologist Dr. Mitchell," and that "[i]f such medication has been prescribed and is not being provided, defendants shall explain why not." Id. at 5-6. The court was expressly concerned with the question whether plaintiff was being denied an active prescription for morphine.

////

////

2

In response, the defendants represented by the Office of the Attorney General[1] submitted the declaration of Dr. B. Barnett, M.D., a former physician for the California Department of Corrections and Rehabilitation and current medical consultant for California Correctional Health Care Services (CCHCS). See ECF No. 96. Dr. Barnett has expertise in pain management and opioid use. However, Dr. Barnett's expert opinion is not necessary at this juncture. Rather, it is Dr. Barnett's review and summary of plaintiff's pertinent medical records and related exhibits that are relevant to issues raised in the order to show cause. This evidence demonstrates that plaintiff does not have a currently active prescription for morphine, and that such medication has been considered and rejected by the pain management committee at plaintiff's institution.[2]

---

[1] The response to the order to show cause provided by defendant Tan provides no additional insight. Dr. Tan's response provides in full, ECF No. 97 at 1:
> Dr. Tan's connection with Mazza was in 2013 when he referred Mazza's appeal regarding narcotics to the prison's pain management committee, which denied the appeal. (See Declaration of Dr. Barnett filed in support of Drs. Austin, Kuersten, Lipson and McCue's response to Order to Show Cause.) [¶] Dr. Tan is retired from the practice of medicine and was never Mazza's primary care physician. He has no ability to treat Mazza or prescribe anything for him in the CDCR system or in any manner or location.

[2] Dr. Barnett's summary provides in pertinent part, see ECF No. 96-1:
- On March 15, 2012, Dr. Mitchell first prescribed morphine to plaintiff to treat his neck pain, at 15 mg twice daily.
- On April 5, 2012, Dr. Mitchell increased plaintiff's prescription for morphine to 30 mg twice daily.
- On May 10, 2012, Dr. Lipson, plaintiff's primary care physician, continued plaintiff's prescription for morphine, 30 mg twice daily.
- On June 3, 2013, Dr. Lipson's prescription expired.
- On June 5, 2013, nursing staff asked CSP-SOL CMO Dr. Kuerston to review plaintiff's morphine prescription. Dr. Kuerston contacted Dr. Mitchell who reportedly stated "that he would have no objections to its discontinuation, especially if recommended by the pain committee." Barnett Decl., Ex. J. Dr. Kuerston noted that on at least six prior occasions the pain committee had recommended weaning plaintiff from morphine. Dr. Kuerston concluded that the risks associated with the prescription outweighed the benefits, and decided to "initiate a standard opiate taper through our pharmacy," refer plaintiff to mental health, and direct yard personnel to monitor plaintiff for withdrawal symptoms. Id.
- On June 6, 2013, Dr. Kuerston met with plaintiff and explained the taper plan. Id., Ex. K.
- On June 27, 2013, Dr. Kuerston saw plaintiff for his chronic neck pain. Plaintiff's morphine had then been reduced to 5 mg twice daily; both Tramadol and Lyrica were considered

Plaintiff does not contradict this assessment, but asserts that his morphine prescription – last prescribed and filled in 2013 – should be re-instated. See ECF No. 100. There being no current prescription for morphine to treat plaintiff's pain symptoms, the court finds no ground for directing CDCR or its medical staff to implement such prescription.

Accordingly, the order to show cause will be discharged. The court acknowledges the assistance of the Office of the California Attorney General in responding to the court's concerns.

CONCLUSION

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel discovery, ECF No. 98, is DENIED without prejudice.

2. Defendants' respective motions to compel discovery, ECF Nos. 104, 105, are DENIED without prejudice.

3. The deadline for plaintiff's responses to defendants' discovery requests served May 2, 2017 (defendants Austin, Kuerston, Lipson and McCue), and May 10, 2017 (defendant Tan) is extended, for all responses, to **August 18, 2017**. Any motion to compel further discovery shall be filed and served on or before September 1, 2017.

////

////

---

alternative pain medications. Id., Ex. L
- On July 10, 2013, pursuant to an inmate appeal interview, plaintiff asked Dr. Larzago to present his request for morphine to the pain committee, and he agreed to do so. Id., Ex. M.
- On July 16, 2013, Dr. Larzago informed plaintiff that the pain committee rejected his request, and that plaintiff would remain on his alternative pain medications. Id., Ex. N.
- On December 17, 2013, as presented by primary physician Dr. Tan pursuant to review of plaintiff's inmate appeal, the pain committee again reviewed plaintiff's medications and concluded that plaintiff would remain on Tylenol with Codeine and Cymbalta, but not morphine. Id., Exs. O, P.
- On January 30, 2014, plaintiff was again seen by Dr. Mitchell who recommended that plaintiff be restarted on morphine 30 mg twice daily, pending a neurosurgical evaluation; however, Dr. Mitchell did not prescribe morphine. Id.,Ex. Q.
- On February 20, 2014, primary care physician Dr. Kohler declined to pursue Dr. Mitchell's recommendation based on prior decisions of the pain committee, and continued plaintiff on Tylenol with Codeine, Cymbalta and an anti-inflammatory. Id., Ex. R.
- On May 11, 2017, the current prescriptions noted by Dr. Kholer did not include morphine. Id., Ex. U.

4

4. The order to show cause issued June 13, 2017, ECF No. 95, is discharged.

IT IS SO ORDERED.

DATED: July 28, 2017.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE