UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN MAZZA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>L. AUSTIN, et al.,<br><br>　　　　　Defendants. | No. 2:14-cv-0874 TLN AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has submitted a fourth request for appointment of counsel. See ECF No. 135. In his one-page request, plaintiff avers that he is unable to afford retained counsel, his incarceration greatly hinders his ability to litigate, and appointed counsel would be more effective at trial. Id.

As the court has previously informed plaintiff, district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970

(9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as incarceration and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

In the instant case, discovery has closed with the exception that defendants have not yet taken plaintiff's deposition; the dispositive motion deadline has been extended to March 15, 2019. See ECF No. 133. It is not yet clear whether this case will proceed to trial. The undersigned finds that the reasons supporting denial of plaintiff's third request for appointment of counsel continue to apply. As the court previously reasoned, ECF No. 69 at 2:

> The court is required to consider plaintiff's request with deference to the fact that only a limited number of volunteer attorneys are available for appointment. Although this action proceeds against five defendants, primarily medical providers, on a claim of deliberate indifference to plaintiff's serious medical needs, the pertinent allegations are relatively limited, viz., to plaintiff's claim that defendants improperly discontinued his narcotic medication. Although plaintiff has a reasonable opportunity to prevail on the merits of his claims, he has also demonstrated the ability to adequately articulate and proceed on his claims on his own. As plaintiff notes, the merits of his claims will rest initially on his UHR [Unit Health Record], which will be carefully considered by the court should defendants file a dispositive motion.

For these ongoing reasons, and because the reasons plaintiff proffers in support of his current request are circumstances common to most prisoners, the court finds, under Palmer, that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for appointment of counsel, ECF No. 135, is denied without prejudice.

DATED: October 3, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE